## W. H. HOLMES *vs.* J. H. SOPER.

### ASSUMPSIT.   BEFORE AUSTIN, J.

### MARCH, 1885.

An execution must be postponed to the lien of a prior attachment.

### DECISION OF AUSTIN, J.

This is an action for money had and received.

It is undisputed that the defendant, who is Marshal, received the sum of $2,062.13, the amount claimed by plaintiff, upon certain attachments and executions against one Ah Hong.

The plaintiff had two attachments and two executions on judgments entered on said attachments, which sum up the amount he claims.

One Ho Sam had an execution against Ah Hong, issued October 30, 1884, upon judgment confessed and entered October 29, 1884.

The executions of plaintiff were subsequent to that of Ho Sam on the same day. The plaintiff's attachments were levied long prior to the issuing of Ho Sam's execution.

The question is as to priority of lien between prior attachments and a subsequent execution. Section 1124 of the Civil Code provides that in all cases of attachments, "all after leases, mortgages, sales, bequests, assignments, trusts, or other conveyances of said property (attached), until the dissolution of the process, shall be void in law as against the plaintiff in such cases." Section 1021 of the Civil Code provides: "Every officer receiving a writ of execution issued in due form by any Court, or justice, shall note thereon the day and hour of its receipt, and he shall give priority in levying upon property of the defendant in execution, to the writs received by him according to the order of time in which they are received."

The object of an execution is to collect the money on a judgment by a levy on and subsequent sale of property of the defendant in the execution. Such a sale would be void as to any prior attachments under Section 1124, until the dissolution thereof, and if the sale under such execution would be so void, then the execution itself must be postponed to the lien of the attachments.

The plaintiff's attachments were never dissolved. This necessitates judgment for the plaintiff for the amount he claims and costs.

In analogy to the laws of many of the United States, the plaintiff's subsequent executions might be held, if necessary, to relate back to the time of the issue of the attachments on their judgments respectively.

Let judgment be entered for the amount claimed with costs.

*Kinney & Peterson,* for plaintiff.

*W. R. Castle,* for defendant.

Honolulu, March 23d, 1885.